**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0195n.06
Filed: December 30, 2004

No. 04-3057

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GEORGE FEINTHEL, )
)
    **Plaintiff-Appellant,** )
) **ON APPEAL** FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE SOUTHERN
PAUL PAYNE; JERRY BEITMAN; ) DISTRICT OF OHIO
MONTGOMERY POLICE )
DEPARTMENT; CITY OF )
MONTGOMERY, ) **O P I N I O N**
)
    **Defendants-Appellees.** )
)

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges.

    **KAREN NELSON MOORE, Circuit Judge.** Plaintiff-Appellant George Feinthel appeals from the magistrate judge's decision granting summary judgment to the defendants in a § 1983 suit alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution and of the laws of the State of Ohio. Specifically, Feinthel asserts that Defendants-Appellees Paul Payne, Jerry Beitman, the Montgomery Police Department, and the City of Montgomery, Ohio, violated his constitutional right to be free from illegal search and seizure, wrongful arrest, and excessive force. Feinthel also asserts that the defendants committed several violations of Ohio tort law. For the reasons that follow, we **AFFIRM** the judgment of the magistrate judge.

# I. FACTS AND PROCEDURE

Resolving all factual disputes in Feinthel's favor, the facts can be summarized as follows. On September 30, 2001, Feinthel became involved in a confrontation with his neighbor Matt Kreigel and a group of Kreigel's friends. Feinthel, who was drinking a vodka tonic but had not consumed any other alcoholic beverages, yelled and threw a cigarette at a group of young people who were racing a motorcycle up and down the street in front of Feinthel's home. This soon escalated to a confrontation between Feinthel, Kreigel, and the young people. After Kreigel and the young people began to taunt and threaten him, Feinthel said to them, "If any of you come on this property, I will shoot you," then turned and went back to his work. Joint Appendix ("J.A.") at 71 (Feinthel Dep.). Shortly after the group left, Feinthel picked up a loaded .45-caliber revolver and concealed it in the small of his back, tucked in his pants' waistband.

Montgomery Police Officers Payne and Beitman soon arrived. Beitman asked Feinthel if he had been drinking, and Feinthel replied affirmatively. Beitman asked Feinthel to show him how far he could flick his cigarette in the street. When Feinthel complied, Payne directed him to pick up the cigarette, under threat of citation for littering. After Feinthel did as directed, the officers blocked his return to his property and asked him if he had any weapons. Feinthel replied that "it wasn't any of their concern," then attempted to "brush[] one or the other or both aside" so that he could proceed. J.A. at 75, 76 (Feinthel Dep.).

However, while Feinthel was picking up the cigarette, Payne noticed "what appeared to be a large item protruding from the center of [Feinthel's] back." J.A. at 201 (September 30, 2001, incident report attached to affidavit of Paul Payne ("Payne Incident Report")). Payne pulled the loaded .45 out from under Feinthel's shirt, and the officers threw Feinthel to the ground with a substantial degree of force. Because Feinthel had sustained facial injuries and a possible neck

2

injury, an ambulance soon arrived and took him (accompanied by the officers) to University Hospital. The magistrate judge granted summary judgment to the defendants on all of Feinthel's claims.

## II. JURISDICTION AND STANDARD OF REVIEW

As Feinthel alleges violations of the United States Constitution by persons acting under color of state law, the court below had jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and could exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a). By consent of the parties, the magistrate judge could hear the case pursuant to 28 U.S.C. § 636(c)(1). This court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 636(c)(3) and 28 U.S.C. § 1291.

We review a grant of summary judgment de novo. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In conducting this review, we must draw "all reasonable inferences in favor of the nonmoving party." *McLean*, 224 F.3d at 800.

## III. ANALYSIS

The magistrate judge correctly granted summary judgment on all of Feinthel's claims.[1] As an initial matter, the Montgomery Police Department is not a proper defendant in a § 1983 action, and Feinthel's claims against it must be construed as identical to his claims against the City of

---

[1]As the magistrate judge granted summary judgment on all federal claims, she could permissibly decline to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(c). *See Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001).

Montgomery. See *Brandon v. Holt*, 469 U.S. 464, 472 (1985). Summary judgment must be granted on these claims against the city, because Feinthel has made no showing of a genuine issue of material fact as to whether his injuries were the result of a policy or custom of the city. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).

Summary judgment was also proper on Feinthel's claims against the individual officers. In regard to his illegal search and seizure claims, both the initial seizure (arguably when Feinthel was directed to pick his cigarette up) and the protective weapons search (when the revolver was taken from Feinthel) were reasonable under the standards set out in *Terry v. Ohio*, 392 U.S. 1, 19-22 (1968). Feinthel presented no evidence contradicting the officers' sworn statements that they had been informed of Feinthel's threat to Kriegel and the young people. The officers' knowledge of this threat was itself sufficient to justify this de minimis seizure. *See id.* at 21. The threat, combined with Payne's observation of a weapon-like object concealed under Feinthel's clothing, Feinthel's refusal to tell the officers whether he had a weapon, and Feinthel's initiation of physical contact with the officers, was sufficient to justify the protective weapons search leading to the discovery of the revolver. *See id.* at 26; *Adams v. Williams*, 407 U.S. 143, 145-48 (1972).[2]

As to the wrongful arrest claim, summary judgment must be granted if the police officers had probable cause to arrest Feinthel. *Feathers v. Aey*, 319 F.3d 843, 851 (6th Cir. 2003). The officers did have probable cause in this case, because there was a "fair probability" that Feinthel had committed the offense of using weapons while intoxicated in violation of OHIO REV. CODE § 2923.15. *See Feathers*, 319 F.3d at 851. Feinthel admitted to the officers that he had been

---

[2]Feinthel's reliance on *United States v. Casado*, 303 F.3d 440 (2d Cir. 2002), is misplaced. In *Casado*, the individual being searched "had made no sudden or violent movements at any point during the encounter," and the officers involved were fully in control of the situation. *Id.* at 448. That is not the situation in Feinthel's case.

4

drinking, and the officers then discovered a firearm on his person.  This was sufficient to justify an arrest for using weapons while intoxicated.  *See* OHIO REV. CODE § 2923.15(A) ("No person, while *under the influence of alcohol* or any drug of abuse, shall *carry* or use any firearm or dangerous ordnance.") (emphases added).[3]

Summary judgment on the basis of qualified immunity was proper on the excessive force claim.  To defeat qualified immunity, a plaintiff must show (1) a genuine issue of fact as to whether a constitutional violation occurred; (2) that such a violation involved a clearly established constitutional right; and (3) a genuine issue of fact as to whether the official's actions were objectively unreasonable in light of the clearly established right.  *Feathers*, 319 F.3d at 848.  Feinthel has satisfied the first two aspects of this test, as a reasonable jury could conclude that the force used was excessive, and a right to be free from use of excessive force is a clearly established constitutional right.  *See Graham v. Connor*, 490 U.S. 386, 392-99 (1989).  However, Feinthel has failed to demonstrate a jury question as to whether the officers were unreasonable to believe that they could use the amount of force that they did.  *See Saucier v. Katz*, 533 U.S. 194, 205-07 (2001).  The officers had come out to investigate a threatened shooting, they saw what appeared to be a weapon under Feinthel's shirt, and Feinthel gave an evasive answer when asked whether he had a weapon and then attempted to brush the officers aside.  Under these circumstances, it would not be unreasonable for the officers to believe they could use the force they did in arresting Feinthel.

## IV.  CONCLUSION

The judgment of the magistrate judge is **AFFIRMED**.

---

[3]No arrest took place prior to the time the revolver was discovered, as the amount of force involved in the instruction to pick up a cigarette was insufficient to transform this seizure into an arrest.  *Feathers v. Aey*, 319 F.3d 843, 851 (6th Cir. 2003).

5